**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ABLAYE GAYE,** | **CASE NO. 4:20-CV-00014** |
| Petitioner, | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **REBECCA ADDUCCI, et al.,** | **MEMORANDUM OF OPINION AND ORDER** |
| Respondents. | |

Before the Court is the Petition of Ablaye Gaye ("Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) At the time he filed his Petition, Petitioner was being detained at the Northeast Ohio Correctional Center ("NEOCC") in Youngstown, Ohio. (*Id.* at ¶ 1.)[1] Currently pending is Respondents' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. No. 9.) For the following reasons, Respondents' Motion to Dismiss (Doc. No. 9) is GRANTED.

**I. Background**

On January 2, 2020, Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his continued post-removal immigration detention. (Doc. No. 1.) Petitioner is a citizen of Senegal. (*Id.* at ¶ 11.) He claims he first entered the United States with a visa on June 3, 2016, but overstayed his visa. (*Id.* at ¶¶ 12-13; Doc. No. 1-4.) Petitioner asserts he was ordered removed on April 9, 2019, but "[t]o date . . . [United States Immigration and Customs

---

[1] The docket reflects that a copy of this Court's Initial Order was mailed to Petitioner at NEOCC on February 6, 2020 and subsequently returned marked "Inmate Paroled/Discharged." (Doc. Nos. 5, 6.)

Enforcement ("ICE")] has been unable to remove petitioner to SENEGAL." (Doc. No. 1 at ¶¶ 14, 18.) He contends he "has been in the custody of ICE for more than six months since his removal order became final." (*Id.* at ¶ 16.)[2]

Petitioner argues his continued detention is unlawful and asserts both statutory and substantive due process violations. (*Id.* at ¶¶ 21-26.) In his Prayer for Relief, Petitioner requests the Court issue an order "[d]eclaring that petitioner's continued detention is not authorized by the INA and/or violates the Fifth Amendment" and "[g]ranting this petition for a Writ of Habeas Corpus and releasing petitioner under an order of supervision." (*Id.* at 6.)

On February 27, 2020, Respondents filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. No. 9.) Therein, Respondents argue Petitioner was removed from the United States on February 18, 2020 and, therefore, his Petition has become moot. (Doc. No. 9-1 at 1-2.) Because Petitioner has been released from federal custody and does not assert any collateral consequences as a result of his detention and/or removal, Respondents argue there is no live case or controversy over which this Court could assert jurisdiction. (*Id.* at 4.) Therefore, Respondents argue this Court lacks subject matter jurisdiction and the Petition must be dismissed. (*Id.* at 4-5.)

Petitioner did not file a response.

## II. Law & Analysis

Under Article III of the United States Constitution, federal courts may only adjudicate actual, ongoing cases or controversies. *See Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990); *Grider v. Abramson*, 180 F.3d 739, 746 (6th Cir. 1999).

---

[2] Petitioner did not appeal his removal order. (Doc. No. 1 at ¶ 15.)

"Article III denies federal courts the power 'to decide questions that cannot affect the rights of the litigants in the case before them.'" *Lewis*, 494 U.S. at 477 (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). It is well settled that the parties must continue to have a personal stake in the outcome. *Id.* at 478.

A district court may lack jurisdiction over a petitioner's habeas claim under 28 U.S.C. § 2241 if the petitioner is not in custody. *See Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990); *Ibrahim v. Sessions*, No. 4:18CV122, 2018 WL 3548827, at *1 (N.D. Ohio July 24, 2018); *Weldearegay v. U.S. Att'y Gen.*, No. 4:17CV2648, 2018 WL 2025690, at *1 (N.D. Ohio Apr. 10, 2018), *report and recommendation adopted*, 2018 WL 2017869 (N.D. Ohio May 1, 2018). A petition for writ of habeas corpus challenges a government custodian's authority to continue detaining an individual. *See, e.g.*, *Ibrahim*, 2018 WL 3548827, at *1. Therefore, the individual's release from custody generally moots a habeas petition. *Lane v. Williams*, 455 U.S. 624, 631 (1982).

Federal courts have recognized narrow exceptions to this general rule when the released prisoner can establish that he will suffer a future collateral consequence as a result of the detention or that the case is "capable of repetition, yet evading review." *Id.* at 632-33; *see also Weldearegay*, 2018 WL 2025690, at *1. To establish a collateral consequence sufficient to avoid mootness, a habeas petitioner must show "some concrete and continuing injury other than the now-ended incarceration" that can be remedied by granting the habeas petition. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998). To establish that a case is capable of repetition yet evading review, the petitioner must show that (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation or a demonstrated probability that the controversy will recur. *See Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006).

3

The Sixth Circuit has held that a petition for writ of habeas corpus challenging the length of an alien's detention pending removal is rendered moot by the alien's removal from the United States. *See Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004); *Haddad v. Ashcroft*, 76 F. App'x 672, 673 (6th Cir. 2003). District courts within the Sixth Circuit have found the same. *See, e.g.*, *Ibrahim*, 2018 WL 3548827, at *1; *Adinan v. Sessions*, No. 4:18-cv-00426, 2018 WL 3489626, at *2 (N.D. Ohio July 10, 2018), *report and recommendation adopted*, 2018 WL 3475447 (N.D. Ohio July 19, 2018); *Suleman v. Sessions*, No. 4:18-cv-00467, 2018 WL 1973692, at *2 (N.D. Ohio Apr. 5, 2018), *report and recommendation adopted*, 2018 WL 1961161 (N.D. Ohio Apr. 26, 2018).

Here, Respondents submitted a declaration from Luke Affholter, a Supervisory Detention and Deportation Officer ("SDDO") for the Enforcement and Removal Office ("ERO") of ICE, U.S. Department of Homeland Security ("DHS") stationed in Columbus, Ohio. (Doc. No. 9-2.) Therein, Mr. Affholter avers that "[o]n February 18, 2020, Petitioner was removed from the United States via commercial flight under officer escort pursuant to his final removal order." (*Id.* at ¶ 4.) Petitioner did not respond or otherwise oppose Respondents' Motion.

Thus, it is undisputed that Petitioner has been removed from the United State and is no longer in federal custody. Further, in his Petition, Petitioner seeks relief solely from his allegedly unlawful detention and does not seek relief from any collateral consequences of his detention or removal. Nor does he allege that his case is capable of repetition, yet evading review. Because Petitioner is no longer in the custody of the U.S. government and has not alleged any continuing injury resulting from his deportation, there is no live case or controversy, his Petition is moot, and this Court lacks subject-matter jurisdiction over the instant matter.

**III. Conclusion**

For the reasons set forth above, Respondents' Motion to Dismiss (Doc. No. 9) is GRANTED, and the Petition is DISMISSED.

**IT IS SO ORDERED.**

|  |  |
|---|---|
|  | *s/Pamela A. Barker* |
|  | PAMELA A. BARKER |
| Date: March 31, 2020 | U. S. DISTRICT JUDGE |